UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

FERMIN CRUZ and BELINDA ROMERO-BARRON,
individually and in behalf of
themselves and all others similarly
situated,

          ORDER

               Plaintiffs,      CV 2015-3228 (JBW)(MDG)

    - against -

HAM N EGGERY INC. d/b/a NEW YORK DELI,
NEW YORK CAFETERIA INC. d/b/a NEW YORK
CAFETERIA, and KOSTAS KALOUDIS,
jointly and severally,

               Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiffs Fermin Cruz and Belinda Romero-Barron bring this action against defendants Ham N Eggery Inc. d/b/a New York Deli, New York Cafeteria Inc. d/b/a New York Cafeteria and Kostas Kaloudis asserting claims for unpaid overtime wages and minimum wages under federal and state law, and for unpaid spread of hour wages and other statutory violations under state law. Seeking to bring a collective action pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., plaintiffs allege that they and other similarly situated employees have been denied minimum wages and overtime compensation as required by the FLSA. Framing their motion as a motion for "conditional certification" under the FLSA,[1]

---

[1] As the Second Circuit noted in Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010), although "courts speak of 'certifying' a FLSA collective action, ... the 'certification' ... is only the district court's exercise of the discretionary power, upheld in Hoffmann-LaRoche, to facilitate the sending of notice to potential class members. Section 216(b) does not by its terms require any such device . . . ." Id. at 555 n. 10. The "certification" sought is simply a "useful 'case management' tool for district courts to employ in 'appropriate cases'" and is not necessary for the maintenance of a FLSA collective action. Id. (citing Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)).

plaintiffs move to compel defendants to provide contact information of their current and former employees and for permission to notify those employees of the pendency of this action.

For the reasons set forth below, plaintiffs' motion to compel and for leave to send a collective action notice[2] is granted in part and denied in part.

BACKGROUND

In their Amended Complaint ("Am. Compl."),[3] plaintiffs allege that they are current and former employees of defendants. Defendants operate a cafeteria at 2330 Borden Avenue, Long Island City, New York that sells food to employees of Fresh Direct. Am. Compl. (ct. doc. 33) at ¶ 15. The food served at this cafeteria is prepared at a deli operated by defendants at 2109 Borden Avenue, Long Island City, New York and delivered to the cafeteria. Id. Plaintiffs allege that defendants are joint employers that have common policies and practices with respect to wages and hours worked by their employees. Id. at ¶ 19. The 2109 Borden Avenue location and 2330 Borden Avenue location share employees, ingredients and materials. Id. at ¶¶ 19, 20.

---

[2] Because a motion for a collective action notice is separate and distinct from a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, Myers, 624 F.3d at 555-56, the motion is a pretrial matter within this Court's pretrial reference authority. See 28 U.S.C. § 636(b)(1)(A) (excepting class certification motions as a pretrial matter within a magistrate judge's authority).

[3] The instant motion was filed before plaintiffs filed an amended complaint adding Ham N Eggery Inc. as a defendant.

-2-

Plaintiff Cruz has been employed by defendants from approximately January 2013 to the present as a deliveryman for the 2109 Borden Avenue location. Cruz Aff. (ct. doc. 19) at ¶ 2; Am. Compl. at ¶ 25. Among his duties, Cruz delivers food cooked at the 2109 Borden Avenue location to the 2330 Borden Avenue location. Am. Compl. at ¶ 25. Cruz alleges that he works approximately 68 hours per week and is paid approximately $410 per week in cash. Cruz Aff. at ¶¶ 5, 6. He further alleges that defendants did not pay him an overtime premium of one and one-half times his hourly rate for the hours he worked over forty per week. Id. at ¶ 7.

Plaintiff Romero-Barron worked for defendants at the 2330 Borden Avenue location from August 2010 to April 2015 as a cashier, server and cleaner. Romero-Barron Aff. (ct. doc. 20) at ¶¶ 2-4. She alleges that she worked approximately 54 hours per week at the rate of $9.00 per hour. Id. at ¶ 6. Romero-Barron contends that defendants did not pay her an overtime premium of one and one-half times her hourly rate for the hours she worked over forty per week. Id. at ¶ 7.

In their affidavits submitted in support of the instant motion, plaintiffs identify three other employees of defendants who worked more than forty hours per week but were not paid an overtime premium for those hours worked in excess of forty per week. See Cruz Aff. at ¶ 9; Romero-Barron Aff. at ¶¶ 9, 10. Victor Molina, who took delivery orders and worked five days per week at the deli and one day per week at the cafeteria, told Romero-Barron that he was paid approximately $540 per week in cash for working 59 hours

per week but was not paid an overtime premium. See Romero-Barron Aff. at ¶ 9. A deliveryman named Isaias told Romero-Barron that he was paid approximately $250 per week for working 68 hours per week, five days per week at the deli and one day per week at the cafeteria. Id. at ¶ 10. Isaias was also not paid an overtime premium. Id. According to conversations Cruz had with Javier, another deliveryman, Cruz believes that Javier was not paid an overtime premium for working approximately 58 hours per week. Cruz Aff. at ¶ 9. Cruz identifies seven other employees whom he observed working more than forty hours per week but provides no information as to their pay. Id. at ¶¶ 9, 10.

## DISCUSSION

Section 216(b) of the FLSA provides that employees may proceed collectively against an employer:

> An action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). In determining whether to authorize the sending of notice to potential plaintiffs of the pendency of a collective action brought pursuant to section 216(b) of the FLSA, courts should engage in a two-step inquiry. See Myers, 624 F.3d at 554-55; Morales v. Plantworks, Inc., 2006 WL 278154, at *2 (S.D.N.Y. 2006). First, courts should make an initial determination whether there are "potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to

whether a FLSA violation has occurred." Myers, 624 F.3d at 554 (citations omitted); see Ahmed v. T.J. Maxx Corp., 2013 WL 2649544, at *7 (E.D.N.Y. 2013).  After discovery has been completed, courts should engage in a second and more heightened stage of scrutiny to determine whether the case should proceed to trial as a collective action or whether the class should be decertified.  See Myers, 624 F.3d at 555; Greene v. C.B. Holding Corp., 2010 WL 3516566, at *2-*3 (E.D.N.Y. 2010); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010).

At this initial stage, "the court will look at the pleadings and affidavits" to analyze whether plaintiff and putative class members are similarly situated.  Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007); Flores v. Osaka Health SPA, Inc., 2006 WL 695675, at *2 (S.D.N.Y. 2006); Morales, 2006 WL 278154, at *1.  If the "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" the court may authorize that notice be sent.  Myers, 624 F.3d at 555 (citation omitted).  The "modest factual showing" that plaintiff must make "cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist."  Id. (internal citations omitted).  This means plaintiffs must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations.  See

Flores, 2006 WL 695675, at *3; Morales, 2006 WL 278154, at *3; Levinson v. Primedia Inc., 2003 WL 22533428, at *1 (S.D.N.Y. 2003).

The Court should not determine facts or make findings as to credibility at this notice stage. See Fan v. Ping's on Mott, Inc., 2014 WL 1512034, at *3 (S.D.N.Y. 2014); Fonseca v. Dircksen & Talleyrand Inc., 2014 WL 1487279, at *3 (S.D.N.Y. 2014); Chhab v. Darden Rests., Inc., 2013 U.S. Dist. LEXIS 135926, at *37 (S.D.N.Y. 2013); Hernandez v. Merrill Lynch & Co., 2012 WL 1193836, at *5 (S.D.N.Y. 2012); In re Penthouse Executive Club Comp. Litig., 2010 WL 4340255, at *4 (S.D.N.Y. 2010). Thus, evidence submitted by defendants disputing the facts alleged by plaintiffs ordinarily does not suffice to undermine the "modest factual showing" that plaintiffs are required to show at this stage of the litigation. See Sharma v. Burberry Ltd., 52 F. Supp. 2d 443, 456-57 (E.D.N.Y. 2014); Amador v. Morgan Stanley & Co., LLC, 2013 U.S. Dist. LEXIS 19103, at *3 (S.D.N.Y. 2013); Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 407 (S.D.N.Y. 2012).

In their affidavits, plaintiffs have adequately alleged that they worked at defendants' deli and cafeteria, and have been denied overtime compensation. Plaintiffs have provided the names of three co-workers who told them that they were subject to the same employment practices. These co-workers also worked more than forty hours per week but were not paid an overtime premium for those hours worked in excess of forty hours per week. Thus, plaintiffs have adequately alleged that they and other of defendants' employees were victims of a common policy that violated the FLSA.

Defendants primarily argue that plaintiffs are not similarly situated to each other because they worked at different locations owned by different corporate entities. In determining whether to authorize the sending of collective action notices to employees working at different locations, "'courts consider whether the plaintiffs have made an adequate factual showing to support an inference that . . . a uniform policy or practice exists, and whether the locations share common ownership or management.'" See Garcia v. Four Brothers Pizza, Inc., 2014 U.S. Dist. LEXIS 76015, at *14 (S.D.N.Y. 2014) (quoting Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013)). As the tax returns submitted by defendants reveal, defendant Kostas Kaloudis is the sole owner of defendant Ham N Eggery Inc., owns 50% of defendant New York Cafeteria Inc. and is the President of both corporations. See Affidavit of Kostas Kaloudis (ct. doc. 23), Exhs. C, D. Also, as discussed above, plaintiffs point to employees who work at both locations and allege the two businesses also share materials. On the record presented and given that fact discovery is still in the early stages, this Court rejects defendants' contention that they are not joint employers as a basis for denying plaintiffs' motion. See Hernandez v. Immortal Rise, Inc., 2012 WL 4369746, at *5 (E.D.N.Y. 2012) (quoting Lujan v. Cabana Mgmt., Inc., 2011 WL 317984, at *6 (E.D.N.Y. 2011)) ("[c]ourts refuse to 'prejudge defendants' status as an employer' since it is a 'contested area of fact requiring discovery' and not a basis for denying conditional certification)"; see also Flores v.

-7-

Five Star Carting, LLC, 2015 WL 6625899, at *4 (E.D.N.Y. 2015) (issue of joint employer cannot be determined at preliminary stage of certification); Tiro v. Pub. House Invs., LLC, 288 F.R.D. 272, 279 (S.D.N.Y. 2012) (whether defendants operated as a single enterprise is not properly determined at the class certification stage); Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007) (finding that whether plaintiff was independent contractor is an "inquiry [that] need not be answered in deciding" conditional certification). Courts should not weigh the underlying merits of the case on an application for conditional certification. See Herrera v. 449 Rest., Inc., 2016 WL 3647602, at *4 (S.D.N.Y. 2016); Martinez v. Zero Otto Nove Inc., 2016 WL 3554992, at *3 (S.D.N.Y. 2016). Thus, this Court finds that plaintiffs have met their modest burden of showing that they and potential class members were subject to a common scheme or plan to deny them overtime compensation across defendants' two locations.

Defendants further argue that Romero-Barron is not similarly situated to defendants' other employees because her job operating a cash register at the cafeteria "was completely different" from the deliverymen and cooks that were employed at the deli. Defs.' Opp. Mem. (ct. doc. 24) at 3. However, unlike under Rule 23, conditional certification pursuant to the FLSA does not require a showing of numerosity, typicality or commonality. See Fang v. Zhuang, 2010 U.S. Dist. LEXIS 133618, at *2-*3 (E.D.N.Y. 2010). Courts routinely find that "'parties may be similarly situated despite not occupying the same positions or performing the same job

-8-

functions and in the same locations, provided they are subject to a common unlawful policy or practice.'" Hernandez, 2012 WL 4369746, at *5 (quoting Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2005)); see Herrera v. 449 Rest., Inc., 2016 WL 3647602, at *6 (S.D.N.Y. 2016); Lu v. Nails by Ann, Inc., 2016 WL 3094002, at *3 (S.D.N.Y. 2016); Schwerdtfeger v. Demarchelier Mgmt., Inc., 2011 WL 2207517, at *4 (S.D.N.Y. 2011). Here, for purposes of this motion, plaintiffs adequately allege that employees with different job functions, including operating the cash register, performing deliveries and taking orders were all subject to the same unlawful pay practices.

Although not raised by the defendants, plaintiffs have not adequately demonstrated a common policy or plan to deny employees minimum wages. Although plaintiffs' "'burden of proof is low, it is not non-existent -- certification is not automatic.'" Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542, at *1 (S.D.N.Y. 2014) (quoting Romero v. HB Auto. Group, Inc., 2012 WL 1514810, at *10 (S.D.N.Y. 2012)). In order to bring a collective action, plaintiff must first show that she, herself, was subject to a FLSA violation. See Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 447 (S.D.N.Y. 2013). According to the statements in her affidavit, Romero-Barron was paid above minimum wage. Based on Mr. Cruz's affidavit, it appears he was paid below minimum wage based on the number of hours he claims to have worked each week and the weekly salary he received. However, he does not clearly state that he was paid less than minimum wage. In fact, defendants contend that Cruz

is paid more than minimum wage because he is a tipped employee. See Kaloudis Aff. at ¶ 11; see also 29 U.S.C. § 203(m) (providing that an employer may apply a portion of an employee's tips towards the minimum wage required to be paid). Moreover, although neither plaintiff identifies any other employee as having been paid below minimum wage, based on Romero-Barron's description of Molina's wages and hours, he was paid above minimum wage. Thus, to the extent plaintiffs seek conditional certification of a collective action on behalf of employees who were not paid minimum wages, plaintiffs' motion is denied without prejudice. See Sanchez v. Gansevoort Mgmt. Group, Inc., 2013 WL 208909, at *2 (S.D.N.Y. 2013) (granting conditional certification for overtime claims but denying as to minimum wage claims); Trinidad, 962 F. Supp. 2d at 560-63 (same).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for authorization to send notice of the pendency of a collective action and to compel disclosure of names and addresses is granted to the extent discussed. Plaintiffs must submit to the Court a revised notice by August 15, 2016. Defendants must produce the names and addresses by August 29, 2016.

**SO ORDERED.**

Dated: Brooklyn, New York
August 8, 2016

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE